# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:91CR49-V

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| ) | |
| LYNN ELLEN MORROW, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** comes before the Court upon Calvin Wilson's[1] "Motion to Unseal Records in File No. C-CR-91-49-25" (Document No. 26.)

By his Motion, Calvin Wilson, seeks to have documents in Defendant Lynn Ellen Morrow's case unsealed. Specifically, Mr. Wilson asks for the "Government's motion(s) which was sealed by Honorable Robert D. Potter on or about July 21, 1992" and "Order(s) by Honorable Potter, sealed on or about July 22, 1992." Mr. Wilson is not a party to this case, but claims that Defendant, Ms. Lynn Ellen Morrow, was the prosecution's key witness against him in his state criminal trial for first degree murder. Mr. Wilson claims that "Ms. Morrow gave false testimony in state court through an agreement with the government to have [him] convicted."

A Court's decision to seal documents is entitled to great deference. Once a document has been sealed, the decision as to whether to unseal the document is within the trial court's discretion. United States v. Ramey, 791 F.2d 317 (4th Cir. 1986); Baltimore Sun Co. V. Goetz, 886 F.2d 60, 65

---

[1] The Court notes that Mr. Calvin Wilson is not a party to the instant case. Mr. Wilson was added to the docket in the instant case as a movant for purposes of this motion only.

(4th Cir. 1989.)

Given that Mr. Wilson is not a party to the instant case, he is not in a position to make a motion that documents previously sealed by this Court should be unsealed for his own personal benefit in his state court proceedings. Mr. Wilson does not even articulate the relevance of the documents sealed in Ms. Morrow's case except to say that "Ms. Morrow rendered assistance to the state authorities by testifying falsely under oath in order to gain a downward departure in accordance to her plea agreement with the government; and Petitioner believe upon information and belief that the government sealed Ms. Morrow file in violation of 18 U.S.C. §2071 and § 1017 of Title 18 U.S.C. Code (sic)." Given that it was the Court who authorized the sealing of the documents in the instant case, Mr. Wilson's allegations against the government are both unfounded and inappropriate. Mr. Wilson, a non party to this case, has not articulated any relevant authority to unseal documents in the instant case.

Moreover, the Court has examined the motion and order requested by Mr. Wilson and has determined that they do not add materially to Mr. Wilson's knowledge of his case or provide him with a new basis on which the credibility of Ms. Morrow might have been attacked at his trial.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Mr. Wilson's motion is Denied.

**SO ORDERED**.

Signed: May 7, 2007

Richard L. Voorhees
United States District Judge